UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BUSHARA ANYANG, Petitioner | CIVIL ACTION NO. 1:17-CV-1308-P |
| VERSUS | JUDGE DEE D. DRELL |
| DAVID COLE, ET AL., Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se Petitioner Bushara Anyang ("Anyang"). Anyang was granted leave to proceed *in forma pauperis*. (Doc. 7). Anyang is an immigration detainee in the custody of the Department of Homeland Security / U.S. Immigration and Customs Enforcement ("DHS/ICE"). He is being detained at the LaSalle Detention Center in Jena, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. **Background**

Anyang is a native and citizen of Sudan, who was ordered removed on October 31, 2016. Anyang did not appeal the removal order. (Doc. 1, p. 7). Anyang was released on an order of supervision on May 15, 2017. (Doc. 1, p. 3). However, Anyang was detained again on September 22, 2017, and has remained in custody since that

date. (Doc. 1, p. 3). Anyang claims his custody violates the rule established in Zadvydas v. Davis, 533 U.S. 678 (2001).

II. Law and Analysis

ICE has 90 days to remove an alien after he is ordered removed. See 8 U.S.C. § 1231(a)(1)(A). However, the Supreme Court has held that § 1231 permits detention beyond 90 days, for a period reasonably necessary to bring about the alien's removal from the United States. See Zadvydas, 533 U.S. at 701. Detention for up to six months after the removal order becomes final is presumptively reasonable. Id.

After six months, if the alien can provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing. The six month presumption does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. See Zadvydas, 533 U.S. at 701.

Anyang has only been in custody since September 22, 2017. Accepting his allegation as true, Anyang has not been in post-removal-order detention longer than the presumptively reasonable six-month post-removal-order period set forth in Zadvydas. Thus, Anyang's habeas petition should be dismissed as premature. See Okpoju v. Ridge, 115 F. App'x 302 (5th Cir. 2004), cert. denied, 544 U.S. 1066 (2005); see also Chance v. Napolitano, 453 F. App'x 535 (5th Cir. 2011); Agyei-Kodie v. Holder, 418 F. App'x 317, 318 (5th Cir. 2011) (although 90 day period had expired,

challenge to detention was premature because Petitioner had not been in custody more than six months).

Moreover, Anyang has not provided good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future.

III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Anyang's petition be DISMISSED without prejudice as premature.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this  6th  day of November, 2017.

                                                             Joseph H.L. Perez-Montes
                                                             United States Magistrate Judge